1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9   LARKLAND LLOYD GASSOWAY,                    CV F   06-1859 AWI DLB HC

10                          Petitioner,          ORDER DISMISSING PETITION WITH
                                                  LEAVE TO FILE AMENDED PETITION
11            v.
                                                  ORDER DIRECTING CLERK OF COURT TO
12                                                SEND PETITIONER BLANK PETITION FOR
      K. MENDOZA-POWERS, Warden,                  WRIT OF HABEAS CORPUS
13
                            Respondent.
14   _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

            On December 21, 2006, Petitioner filed the instant petition for writ of habeas corpus.
18
                                          **DISCUSSION**
19
     A.      Procedural Grounds for Summary Dismissal
20
            Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:
21
            If it plainly appears from the petition and any attached exhibits that the petitioner is not
22          entitled to relief in the district court, the judge must dismiss the petition and direct the
            clerk to notify the petitioner.
23
     The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ
24
     of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
25
     dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not
26
     be dismissed without leave to amend unless it appears that no tenable claim for relief can be
27
     pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).
28

1

B.   Failure to State a Discernable Claim

Petitioner must state his claim with sufficient specificity.  See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

The petition must:
(1) *specify all the grounds for relief available to the petitioner;*
(2) *state the facts supporting each ground;*
(3) *state the relief requested;*
(4) be printed, typewritten, or legibly handwritten; and
(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition appears to present two grounds for relief.  However, those grounds are completely unclear.  In Ground One, Petitioner merely states that on May 16, 2004, he was arrested on an outstanding felony warrant, and cites exhibits in support of his contention. Petitioner does not state the underlying constitutional violation.  In Ground Two, Petitioner states that his conviction was obtained by use of perjured testimony.  Although this claim may likely state a claim, it is incomplete as he fails to coherently elaborate on his claim and demonstrate how it rises to a constitutional violation.

The Court cannot discern Petitioner's claims from the information provided.  Petitioner fails to identify any of his grounds for relief with any specificity and he fails to support his claims with sufficient facts.  Petitioner is advised that, although he may attach and cite exhibits, it is not the duty of federal courts to try to determine what might constitute a claim for relief or which claims petitioner might intend to bring before the court.  Such duty is upon the individual who asserts a denial of his constitutional rights.  The court will not read through several hundreds of pages in order to determine what claims petitioner might wish to bring.  The form petition is provided to petitioner to make the listing of claims easy and enable the court to make a determination that the claim and supporting facts allege a proper denial of a constitutional right.

C.   Failure to State a Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a cognizable federal claim.  Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

Accordingly, the petition must be dismissed.

D.       Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court

with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition before the Court, Petitioner merely indicates to see exhibits

1  regarding exhaustion.  Petitioner is advised that it is not the duty of this Court to review all the

2  exhibits to determine which, if any, claims were presented to the California Supreme Court.

3  Thus, it is unclear whether Petitioner sought relief at the California Supreme Court, and if he did,

4  whether he raised the grounds he presents in this petition.  If the grounds were not presented to

5  the California Supreme Court, they are unexhausted and the petition must be dismissed to

6  provide Petitioner an opportunity to exhaust the claims. 28 U.S.C. § 2254(b)(1); Rose, 455 U.S.

7  at 521-22.  Petitioner must amend the petition to clearly state which claims were raised before the

8  California Supreme Court.

9  F.     Conclusion

10       The instant petition must be dismissed for the above-stated reasons. Petitioner will be

11  given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised

12  that failure to file a petition in compliance with this order (i.e., a completely filled-out petition

13  with cognizable federal claims clearly stated, and with exhaustion of state remedies clearly

14  stated) within the allotted time will result in a recommendation that the petition be dismissed and

15  the action be terminated. Petitioner is advised that the amended petition should be titled "First

16  Amended Petition" and must reference the instant case number.

17                                    **ORDER**

18       Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is

19  GRANTED thirty (30) days from the date of service of this order to file an amended petition in

20  compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition

21  pursuant to 28 U.S.C. § 2254.

22

23    IT IS SO ORDERED.

24  **Dated:   January 22, 2007**             _____/s/ **Dennis L. Beck**_____
    3b142a                                    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

5