1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LARKLAND LLOYD GASSOWAY,

11          Petitioner,                        No. 2:08-cv-0652 JFM (HC)

12       vs.

13   NICK DAWSON, Warden,[1]

14          Respondent.                        ORDER

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have

18   consented to the jurisdiction of the United States Magistrate Judge.  (Order filed August 30,

19   2007.)[2]

20          On December 17, 2007, petitioner filed a document entitled "Petitioner's

21   Motion/Request Supplemental Traverse to Consolidate Pending Appeal/Case No. SF086979A;

22   _____

23        [1] In the August 2, 2007 amended answer, respondent requested Warden Nick Dawson be
     substituted in as respondent in place of K. Mendoza-Powers.  Good cause appearing, the request
24   will be granted.  Fed. R. Civ. P. 25(d)(1).

25        [2] It appears that this case was inadvertently assigned a district judge when the case was
     transferred from the Fresno division to the Sacramento division of this court.  The Clerk of the
26   Court will be directed to remove this assignment pursuant to the August 30, 2007 order.

1

1    Under Local Rule 11-110." (Id.)[3]  On June 11, 2008, petitioner filed amended exhibits to his

2    motion to consolidate.  (Id.)  On September 8, 2008, petitioner filed a motion for emergency

3    release, claiming his term of confinement has not been properly credited with good time credits

4    earned.

5              While not entirely clear, it appears petitioner is attempting to challenge the

6    duration of his confinement for two separate probation violations.  However, the instant petition

7    is a substantive challenge to petitioner's underlying convictions.  In the February 21, 2007

8    amended petition, petitioner claimed the state court committed reversible error when it allowed

9    petitioner to represent himself.

10             Petitioner is attempting to add claims concerning the application of good time

11   credits to his sentence.  However, these claims are grounded in state law.  A writ of habeas

12   corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law

13   binding on the state courts.  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985), Gutierrez

14   v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is unavailable for alleged error in the

15   interpretation or application of state law.  Middleton v. Cupp, 768 F.2d at 1085; see also, Lincoln

16   v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th

17   Cir. 1986).  Accordingly, petitioner's motions should be denied.

18             Accordingly, IT IS HEREBY ORDERED that:

19             1. The Clerk of the Court is directed to substitute Warden Nick Dawson as

20   respondent in place of K. Mendoza-Powers.

21             2. The Clerk of the Court is directed to remove the assignment of Judge Mendez

22   from this case and annotate the docket to reflect the parties' consent to the jurisdiction of the

23   U.S. Magistrate Judge.

24   /////

25

26       [3] On December 21, 2006, petitioner filed a similar motion to consolidate.  (Docket No.
     4.)  That motion was denied by order filed May 29, 2007.  (Docket No. 14.)

1    3.  Petitioner's December 17, 2007 motion (docket no. 25) is denied; and

2    4.  Petitioner's September 8, 2008 request (docket no. 32) is denied.

3  DATED:  December 10, 2008.

4

5  _____
   UNITED STATES MAGISTRATE JUDGE

6

7  /001; gass0652.cuo

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3