IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARKLAND GASSOWAY,

    Petitioner,                      No. 2:08-cv-0652-JFM (HC)

    vs.

K. MENDOZA-POWERS, Warden,

    Respondent.                   ORDER

_____/

        Petitioner is a former state prisoner on parole proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is proceeding before a United States Magistrate Judge with the consent of the parties pursuant to 28 U.S.C. § 636(c). See Orders filed August 30, 2007 and December 11, 2008. This matter is before the court on respondent's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 52(b) and 59(e).

        Petitioner challenges his 2004 conviction on charges of possession of a controlled substance and possession of controlled substance paraphernalia, enhanced by findings that petitioner had suffered a prior conviction and two separate prior prison terms following prior felony convictions. This action is proceeding on petitioner's amended petition, filed February 21, 2007, in which petitioner claims that his constitutional rights were violated by the trial court's decision to allow petitioner to represent himself because petitioner's waiver of his right to

1

counsel was not knowing and intelligent, in violation of Faretta v. California, 422 U.S. 806 (1975).

By order filed August 13, 2010, the court found that petitioner's waiver of the right to counsel was not knowing and intelligent and that the state court's decision rejecting the claim was "contrary to applicable principles of federal law." Order filed August 13, 2010, at 13. The court therefore granted the petition and directed respondent to "release petitioner from custody unless, within thirty days from the date of this order, the state elects to retry petitioner." Id. at 14. Judgment was entered on the same day. On August 20, 2010, respondent timely filed the motion at bar.[1]

Rule 52(b) of the Federal Rules of Civil Procedure provides in relevant part

> On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings — or make additional findings — and may amend the judgment accordingly.

Fed. R. Civ. P. 52(b). Rule 59(e) of the Federal Rules of Civil Procedure similarly provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Both rules apply in habeas corpus proceedings. See Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 270-71 (1978).

Respondent's motion is predicated on this court's citation to authority of the United States Court of Appeals for the Ninth Circuit interpreting Faretta. Specifically, this court cited to a three-factor test which the Ninth Circuit "gleaned" from Faretta. See Order filed August 13, 2010 at 2, citing United States v. Forrester, 512 F.3d 500, 506-07 (9th Cir. 2008). Under this test, "'[i]n order to deem a defendant's *Faretta* waiver knowing and intelligent, the district court must insure that he understands 1) the nature of the charges against him, 2) the possible penalties, and 3) the "dangers and disadvantages of self-representation."'" [United States v.] Erskine, 355 F.3d [1161] at 1167 [(9th Cir. 2004)] (quoting United States v. Balough,

---

[1] By order filed September 7, 2010, respondent was granted an extension of time to comply with the August 13, 2010 order pending further order of the court.

2

820 F.2d 1485, 1487 (9th Cir.1987)).'" Id. Respondent contends that by citing to Forrester, this court improperly granted federal habeas corpus relief based on the state court's failure to comply with federal circuit court authority, rather than clearly established precedent of the United States Supreme Court.

The precise finding of this court was that the record did not show either that the state court trial judge who granted petitioner's Faretta motion "took steps to insure that petitioner understood the possible penalties, or that petitioner did understand those penalties." Order filed August 13, 2010, at 13. The court therefore found that petitioner's Faretta waiver was not knowing and intelligent. It is clearly established precedent of the United States Supreme Court that an understanding of possible penalties is a component of a knowing and intelligent waiver of the right to counsel at trial. As the Court observed in Patterson v. Illinois, 487 U.S. 285 (1988)

> [R]ecognizing the enormous importance and role that an attorney plays at a criminal trial, we have imposed the most rigorous restrictions on the information that must be conveyed to a defendant, and the procedures that must be observed, before permitting him to waive his right to counsel.

Patterson, at 297 (citing Faretta at 835-36 and Von Moltke v. Gillies, 332 U.S. 708, 723-24 (1948)). At the cited part of Von Moltke, a plurality of the Court wrote:

> Fourth: We have said: 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused – whose life or liberty is at stake – is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.[2] To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel,[3] a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that

---

[2] Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357; see also Adams v. United States ex rel. McCann, 317 U.S. 269, 270, 63 S.Ct. 236, 237, 87 L.Ed. 268, 143 A.L.R. 435.

[3] Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357; Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 465, 86 L.Ed. 680.

1  he is informed of his right to counsel and desires to waive this right
   does not automatically end the judge's responsibility. **To be valid
2  such waiver must be made with an apprehension of the nature
   of the charges, the statutory offenses included within them, the
3  range of allowable punishments thereunder, possible defenses
   to the charges and circumstances in mitigation thereof, and all
4  other facts essential to a broad understanding of the whole
   matter.** A judge can make certain that an accused's professed
5  waiver of counsel is understandingly and wisely made only from a
   penetrating and comprehensive examination of all the
6  circumstances under which such a plea is tendered.

7  Id. at 723-24 (emphasis added). See also Schneckloth v. Bustamante, 412 U.S. 218, 243-44 &

8  n.32 (1973) (discussing application of Johnson v. Zerbst, supra, and quoting the language from

9  Von Moltke emphasized supra.)

10  Although federal circuit precedent is not controlling in habeas actions, see 28

11 U.S.C. § 2254(d)(1), it "may be relevant when that precedent illuminates the application of

12 clearly established federal law as determined by the United States Supreme Court." Casey v.

13 Moore, 386 F.3d 896, 907 (9th Cir.2004).  The three-part test set forth in United States v.

14 Forrester, supra, is precisely the type of precedent that illuminates clearly established precedent

15 of the United States Supreme Court.

16  For the foregoing reasons, this court finds no grounds requiring that the judgment

17 entered in this action be amended.  Respondent's motion will therefore be denied.  Respondent

18 will be granted a period of twenty days from the date of this order to comply with the judgment

19 entered on August 13, 2010.

20  In accordance with the above, IT IS HEREBY ORDERED that:

21  1. Respondent's August 20, 2010 motion to amend the judgment is denied; and

22 /////

23 /////

24 /////

25 /////

26

2. Respondent shall release petitioner from custody unless, within twenty days from the date of this order, the state elects to retry petitioner.

DATED: October 20, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
gass0652.59